NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FACTA HEALTH, INC. et al,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMADENT, LLC et al,<br><br>Defendants. | **Civil Action No. 20-09631 (SRC)**<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendants Pharmadent, LLC, Alan Wickenhauser, and Stephen Peipert ("Defendants") to compel arbitration and stay this litigation pending arbitration or, in the alternative, to dismiss this action. Plaintiffs Facta Health, Inc., Frank Cozzarelli, Robert Mangone, Paul Kapp, Robert Laudadio, and Gotta Guy, Inc. have opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendants' motion to compel arbitration as to Counts 2-5 of the Complaint, and stay the entire litigation pending the arbitration proceeding.

**I.    BACKGROUND**

Plaintiff Facta Health, Inc. ("Facta") is a Delaware corporation. A majority of Facta's controlling shares are held by Plaintiffs Frank Cozzarelli, Robert Mangone, Paul Kapp, Robert Laudadio, and Gotta Guy, Inc., a New Jersey corporation, hereinafter referred to by the Court as

1

the non-signatory Plaintiffs. Defendant Pharmadent, LLC ("Pharmadent") is an Illinois limited liability company and Defendants Alan Wickenhauser and Stephen Peipert serve as its sole co-managing members. On or about October 16, 2018, Facta contracted with Pharmadent to purchase certain patents and intellectual property, entering into the Patent Purchase Agreement ("the Agreement"). The Agreement was signed only by Facta and Pharmadent. The Agreement contains a detailed dispute resolution clause, which states that the "parties hereby waive their respective rights to seek remedies in court, and will resolve any and all claims, disputes, or controversies ('Disputes') relating in any way to, or arising out of, this Agreement" first through formal negotiation and mediation. (Patent Purchase Agreement Art. 8.7).  Then, if the Dispute is not resolved through mediation within thirty days after the mediation hearing, the Agreement requires the parties to "submit the Dispute to final and binding arbitration administered by the AAA under its Commercial Arbitration Rules." (Patent Purchase Agreement Art. 8.7(c)).

Following a dispute under the Agreement, Facta commenced arbitration proceedings against Pharmadent, and on April 9, 2019, the matter was settled and Facta and Pharmadent executed an amendment to the Agreement, hereinafter referred to by the Court as the First Amendment. The First Amendment explicitly reaffirmed the arbitration clause in the Agreement, as it states: "Except as specifically set forth herein, all of the terms and conditions of the Agreement shall remain in full force and effect and the same are hereby ratified and confirmed." (First Amendment to Patent Purchase Agreement Art. 14).

According to the Complaint, Defendants have since failed to properly perform under the First Amendment, leading Plaintiffs to file suit in New Jersey state court.  The Complaint asserts five counts against Defendants: (1) The non-signatory Plaintiffs seek a declaratory judgment that they have no duty to arbitrate; (2) all Plaintiffs seek a declaratory judgment that the entire

controversy doctrine bars consideration for any event occurring prior to April 14, 2019 in arbitration, and any event occurring prior to May 28, 2019, unless expressly reserved in the Agreement and the First Amendment; (3) all Plaintiffs seek specific performance of the First Amendment; (4) all Plaintiffs seek injunctive relief enjoining Defendants from manufacturing, selling, distributing and using all products covered by the patents referenced in the Agreement; and (5) all Plaintiffs seek relief compelling Defendants to arbitrate all claims with Facta for events occurring after April 24, 2019. Defendants promptly removed the action to the Court on the basis that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1]

## II. DISCUSSION

### A. Legal Standard

Defendants bring this motion to compel arbitration pursuant to 9 U.S.C. § 4, a provision of the Federal Arbitration Act ("FAA"). This section states: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have [subject matter] jurisdiction [over the matter] . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The Third Circuit has held that motions to compel arbitration should be analyzed under a Rule 12(b)(6) standard when arbitrability is apparent on the face of the complaint and/or documents relied upon in the complaint. Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 773-74 (3d Cir.

---

[1] The required diversity of citizenship between the parties exists. Plaintiff Facta is a Delaware corporation with its principal place of business in New Jersey, Plaintiff Gotta Guy, Inc. is a New Jersey corporation with its principal place of business in New Jersey, and Plaintiffs Cozzarelli, Mangone, Kapp, and Laudadio are all citizens of New Jersey. Defendant Pharmadent is an Illinois limited liability company, whose sole members are Defendants Wickenhauser and Peipert, who are both citizens of Illinois. The Court is also satisfied that according to the allegations of the Complaint, the amount in controversy in this action exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

2013).  Where the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with more than a "'naked assertion'" that it did not intend to be bound by an arbitration agreement, the motion should instead be adjudicated under the Rule 56 standard for summary judgment.  Id. at 774 (quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 55 (3d Cir. 1980)).  Here, while the non-signatory Plaintiffs have argued that the arbitration provision in the Agreement cannot be enforced against them, as will be discussed in further detail below, it is abundantly clear on the face of the Complaint both that all Plaintiffs have affirmatively sought relief under the arbitration agreement, and that the Plaintiffs do not contest the validity of the arbitration agreement itself. Therefore, this motion presents no need to explore factual issues or matters outside the Complaint, and thus the Court will apply a Rule 12(b)(6) standard of analysis.  To meet that standard on this motion, the complaint must show, through the facts alleged, that the movant is entitled to the relief sought.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

### B.  The Applicability of the Arbitration Provision Against All Plaintiffs

The first prong of the Court's inquiry is determining whether all the Plaintiffs may be bound by the arbitration provision included in the Agreement. As explained, Plaintiffs do not challenge the validity of the Agreement, nor the fact that it includes an enforceable arbitration provision. Further, it is undisputed that Facta, as a signatory to the Agreement which contains the arbitration clause, is bound to arbitrate all its claims in the Complaint. Indeed, Facta has already initiated arbitration proceedings against Defendants regarding these matters and has acknowledged in both the Complaint and its counsel's Certification in Opposition to Defendants' Motion that it is subject to arbitration of its claims against Defendants. See (Compl., ¶ 142)

4

(requesting that Defendants be compelled to arbitrate all claims with Facta); (Hittman Cert., ¶ 5, 7) (stating that Facta is a party to the agreement containing the arbitration clause and that Facta has already commenced an arbitration proceeding regarding this matter). Therefore, Facta must be compelled to arbitrate all its claims under the Complaint. Due to Facta's acknowledgment that it is subject to arbitrate its claims in the present case, the remaining question then is whether the other Plaintiffs, as non-signatories to the Agreement, are also bound to arbitrate their claims. The Court finds that as to Counts 2 through 5 in the Complaint, the non-signatory Plaintiffs are bound by the Agreement's alternative dispute resolution procedure.

Arbitration is "strictly a matter of contract," meaning that, "[i]f a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." Bel-Ray Co., Inc. v. Chemrite Ltd., 181 F.3d 435, 444 (3d Cir. 1999) (citing United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). Indeed, the FAA requires that, before a court may order the parties to submit their dispute to arbitration, it must find (1) that a valid agreement to arbitrate exists and (2) that the specific dispute falls within the substantive scope of the agreement. Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005). While the FAA nevertheless has a strong presumption in favor of arbitration, this presumption usually does not extend to non-signatories to an arbitration agreement. E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 194 (3d Cir. 2001). However, both the Supreme Court and the Third Circuit have found that, in certain instances, arbitration agreements may be enforced against non-signatories to an arbitration contract through traditional state law principles of contract and agency law, such as estoppel. Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009); Bouriez v. Carnegie Mellon Univ., 359 F.3d 292, 294 (3d Cir. 2004) ("A party, however, can be compelled to arbitrate under an agreement, even if he or

5

she did not sign that agreement, if common law principles of agency and contract support such an obligation on his or her part."); Bel-Ray, 181 F.3d at 444 ("When asked to enforce an arbitration agreement against a nonsignatory, we ask whether he or she is bound by that agreement under traditional principles of contract and agency law.").

    Here, it is undisputed that Plaintiffs Frank Cozzarelli, Robert Mangone, Paul Kapp, Robert Laudadio, and Gotta Guy, Inc. are not signatories to the arbitration agreement. Rather, Defendants are seeking to compel these Plaintiffs to arbitrate their claims through the state law doctrine of equitable estoppel. As this Court has subject matter jurisdiction over this action under diversity jurisdiction, in determining whether equitable estoppel can be used to compel the non-signatory Plaintiffs to arbitrate their claims, the Court must look to the relevant substantive state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

    None of the parties seem to dispute that the Agreement and First Amendment are governed by the law of New Jersey.[2] Under New Jersey state law, equitable estoppel should be used to compel a non-signatory to arbitrate when the non-signatory "engaged in conduct, either intentionally or under circumstances that induced reliance, and that [the parties seeking to compel arbitration] acted or changed their position to their detriment." Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 189 (N.J. Sup. Ct. 2013) (quoting Knorr v. Smeal, 178 N.J. 169, 178 (N.J. Sup. Ct. 2003)). In encouraging courts to look beyond simply the signatures on an agreement in determining whether arbitration is appropriate, this doctrine promotes "the interests of justice, morality, and common fairness." Id.

---

[2] See Patent Purchase Agreement Art. 8.6 ("This Agreement will be interpreted, construed, and enforced in all respects in accordance with the laws of the State of New Jersey, without reference to its choice of law principles to the contrary."); Compl., ¶ 36 ("New Jersey is the proper choice of law, as the [Agreement] expressly provides for New Jersey as the choice of law for any dispute between the parties.").

The requisite element of detrimental reliance that must be shown by the party seeking to compel arbitration may be found where the non-signatory has otherwise embraced the agreement and has obtained, or has sought to obtain, benefits flowing from it. Eric Baker Architecture, P.C. v. Mehmel, 2013 WL 6169210 at *4 (N.J. Super Ct. App. Div. Nov. 26, 2013) (partially basing its decision not to apply equitable estoppel on the fact that the parties seeking to compel arbitration did not show that the non-signatories sought benefits under the contract). See also E.I. DuPont, 269 F.3d at 200 (quoting Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 418 (4th Cir. 2000)) ("In the arbitration context, the doctrine [of equitable estoppel] recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him."). In other words, where a non-signatory directly benefits from an agreement that includes an arbitration provision, by asserting claims that rely on said agreement as a basis for those claims, the non-signatory is then equitably estopped from claiming that he is not bound by the arbitration clause in the contract. See, e.g., Torlay v. Nelligan, 2019 WL 4509326 at *4 (D.N.J. Sept. 18, 2019) (finding non-signatory plaintiff bound by arbitration agreement, partially due to New Jersey's doctrine of equitable estoppel, where plaintiff asserted claim for breach of a contract provision in the same contract containing the arbitration agreement); Neal v. Asta Funding, Inc., 2016 WL 3566960 at *18 (D.N.J. June 30, 2016) (compelling non-signatory plaintiff to arbitrate, based on the conclusion that it would be inequitable to allow the plaintiff to both bring a claim to enforce certain provisions of the contract, but also to avoid the arbitration clause contained therein). Overall, this doctrine "prevents a non-signatory from 'cherry-picking' the provisions of a contract that it will benefit from and ignoring other provisions that don't

benefit it or that it would prefer not to be governed by (such as an arbitration clause)." Invista S.À.R.L. v. Rhodia, S.A., 625 F.3d 75, 85 (3d Cir. 2010). Thus, to the extent that the non-signatory Plaintiffs here have asserted that they are entitled to relief under the Agreement, which includes the arbitration clause, or the First Amendment, which reaffirms the arbitration clause, those Plaintiffs will then be compelled to arbitrate those claims.

Beginning with Count 1 of the Complaint, there, the non-signatory Plaintiffs seek a declaratory judgment that they have no duty to arbitrate. As this is the matter directly before the Court under this motion, and this Count does not assert a claim under the Agreement nor the First Amendment, the Court will not compel the non-signatory Plaintiffs to arbitrate this claim. Rather, at this time, Count 1 will be stayed pending the conclusion of the arbitration proceedings.

On the other hand, it is apparent that Counts 2 through 5, asserted by *all* the Plaintiffs, including the non-signatory parties, do rely on the Agreement and/or the First Amendment as a basis for relief, thereby making the application of equitable estoppel proper. As for Count 2, the Complaint states: "*Plaintiffs* seek a declaratory judgment that the entire controversy doctrine bars consideration . . . for any event occurring prior to April 14, 2019 in arbitration, and any event occurring prior to May 28, 2019, unless expressly reserved in the Agreement and First Amendment." (Compl., ¶ 124, emphasis added). In no way does this Count distinguish between relief sought by Facta or by the non-signatory Plaintiffs. Rather, Count 2 indicates that all Plaintiffs request relief. Further, this claim by its very nature arises out of the Agreement and the First Amendment, as the request for claim preclusion is based on the premise that certain events were already arbitrated on April 14, 2019. Additionally, by claiming that preclusive effect will not apply if it was expressly reserved in the Agreement and/or First Amendment, this impliedly acknowledges the essential role that the Agreement has in this claim.

Similarly, Count 3 states: "Wherefore, *Plaintiffs* demand judgment against the defendants" in the form of specific enforcement of the First Amendment. (Compl., ¶ 128, emphasis added). Here too, the Complaint fails to differentiate between Facta and the other non-signatory Plaintiffs, and this Count expressly arises out of the First Amendment.

Counts 4 and 5 presents the same situation. In Count 4, the Complaint reads: "Wherefore, *Plaintiffs* demand judgment against the defendants" in the form of injunctive relief enjoining Defendants from manufacturing, selling, distributing, and using all products covered by the patents that were allegedly purchased "pursuant to the Agreement and First Amendment." (Compl., ¶ 130, 138, emphasis added). Count 5 then reads: "Wherefore, *Plaintiffs* demand judgment against the defendants" compelling Defendants to arbitrate claims due to actions that were "expressly reserved from release in the Agreement and the First Amendment." (Compl., ¶ 141-42, emphasis added). These Counts, brought by all the Plaintiffs, explicitly allege claims that arise under the Agreement and the First Amendment.

Absent the application of equitable estoppel, the Defendants would be required to take action based on the Plaintiffs' allegations that directly relate to and arise under the Agreement and/or the First Amendment, yet, to their detriment, the Defendants would then be asked to proceed in a manner which would allow the non-signatory Plaintiffs to avoid the Agreement's express alternative dispute resolution procedure.[3] To allow the non-signatory Plaintiffs to assert

---

[3] In Plaintiffs' opposing submission to this motion, they claim that Defendants waived the right to compel arbitration against the non-signatory Plaintiffs due to Defendants' earlier voluntary withdrawal of their arbitration-based counterclaims against the non-signatory Plaintiffs in the pending arbitration proceeding. Hittman Cert. ¶ 33-47. This argument is wholly improper. Being that Defendants dismissed their claims against the non-signatory Plaintiffs in the pending arbitration proceeding *without prejudice*, there is no reason why these Plaintiffs cannot thereafter be compelled to arbitrate under the doctrine of equitable estoppel.

claims which embrace certain provisions of the Agreement but repudiate others would create the type of unfairness and injustice that the doctrine of equitable estoppel was precisely designed to prevent. Thus, the Court finds that, pursuant to New Jersey law, as detailed in Hirsch, Defendants have demonstrated detrimental reliance as to Counts 2-5 and established that they are therefore entitled to enforce the Agreement's alternative disputes resolution provision against the non-signatory Plaintiffs as a matter of equitable estoppel.[4]

### C. The Applicability of the Arbitration Provision To These Particular Claims

Being that the arbitration provision may be applied against all Plaintiffs, the Court thus turns to the second prong of its inquiry, which requires determining whether the dispute between Plaintiffs and Defendants falls within the scope of the arbitration provision. The Agreement's arbitration provision is particularly expansive. It states:

> [T]he parties hereby waive their respective rights to seek remedies in court, and will resolve any and all claims, disputes or controversies ("Disputes") *relating in any way to, or arising out of, this Agreement*, including, without limitation, any performance under this Agreement or breach or threatened breach of this Agreement, or the amount of Revenue or another other amounts due under this Agreement [through final and binding arbitration, in the event that negotiation and mandatory mediation fail to resolve the Dispute.]

(Patent Purchase Agreement Art. 8.7, emphasis added).

---

[4] Additionally, by failing to file a brief in opposition to Defendants' motion, nor a statement stating why no brief is necessary, Plaintiffs failed to comply with the requirements of L. Civ. R. 7.1(d)(2) and L. Civ. R. 7.1(d)(4) ("The brief and papers in opposition to a motion . . . must be filed with the Clerk at least 14 days prior to the original motion day. . . . In lieu of filing any brief pursuant to [this section], a party may file a statement that no brief is necessary and the reasons therefor."). Further, Plaintiffs' opposition paper in the form of a certification replete with conclusory allegations was also inappropriate, as L. Civ. R. 7.2(a) states: "Affidavits, declarations, certifications . . . shall be restricted to statements of fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents." Therefore, in the alternative, the Court could have independently based its conclusion to grant Defendants' motion to compel arbitration based on these procedural deficiencies.

For the reasons discussed above in the Court's analysis of detrimental reliance, Plaintiffs' claims in Counts 2-5 are premised on allegations that clearly relate to and arise out of the Agreement and/or the First Amendment. It is well established that "'an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" AT&T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (quoting United Steelworkers of Am., 363 U.S. at 582-83 (1960)). Therefore, the Court finds that Counts 2-5 fall with the arbitration provision.

Defendants, in sum, have established that, as a matter of equitable estoppel, they are entitled to enforce the Agreement's valid alternative dispute resolution provision against all Plaintiffs, including the non-signatory Plaintiffs, and further, that Counts 2-5 are covered by the alternative disputes resolution provision in the Agreement.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to stay this litigation and compel all Plaintiffs to submit Counts 2-5 under the Complaint to the alternative dispute resolution procedure set forth in the Agreement, requiring negotiation and mediation followed, if necessary, by final and binding arbitration. An appropriate Order with be filed together with this Opinion.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: October 8, 2020