UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FACTA HEALTH, INC. et al, <br><br> Plaintiffs, <br><br> v. <br><br> PHARMADENT, LLC et al, <br><br> Defendants. | Civil Action No. 20-09631 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Plaintiffs Facta Health, Inc. ("Facta"), Frank Cozzarelli, Robert Mangone, Paul Kapp, Robert Laudadio, and Gotta Guy, Inc. (collectively, "Plaintiffs") seeking an Order "[i]n aid of litigant's rights enforcing the Court's Order with respect to the Court's order and Opinion of October 8, 2020" and "[d]irecting the Arbitrators in the proper means and manner necessary to comply with the Order Directing Arbitration." The Court's October 8, 2020 Order, which evaluated a Patent Purchase Agreement into which Facta and Defendant Pharmadent, LLC ("Pharmadent") entered on or about October 16, 2018 (the "Agreement"), required that the Parties undertake the alternative dispute resolution procedure set forth in the Agreement which culminates, if necessary, in final and binding arbitration.[1] It is apparent that the Parties are now past the point at which arbitration was demanded

---

[1] The Court further stayed litigation in this action pending the resolution of those efforts.

and arbitration is scheduled to proceed imminently.[2]  Defendants Pharmadent, Alan Wickenhauser, and Stephen Peipert (collectively, "Defendants") oppose the motion.

Plaintiffs' objections appear to amount to two main concerns, including that: (i) Defendants have not provided Plaintiffs proper notice of certain counterclaims which Defendants pursue; and (ii) the Parties are improperly subject to a four-day arbitration.  In making their motion, Plaintiffs ignore the fact that the Court simply is not a referee which can police the manner in which an arbitrator conducts an arbitration.  *See Lloyd v. HOVENSA, LLC.,* 369 F.3d 263, 270 (3d Cir. 2004) ("The legislative scheme of the FAA thus reflects a policy decision that, if a district court determines that arbitration of a claim is called for, the judicial system's interference with the arbitral process should end unless and until there is a final award."); *Travelers Ins. Co. v. Davis,* 490 F.2d 536, 541–42 (3d Cir. 1974) ("Under the Federal Arbitration Act . . . a district court does not have the power to review an interlocutory ruling by an arbitration panel . . . .").  If, as Plaintiffs contend, the arbitration proceeds in a manner such as to violate their rights, they are free to challenge the final award in the manner set forth by the Federal Arbitration Act.  *See* 9 U.S.C. § 10(a) (establishing grounds by which an arbitration award may be vacated).

For these reasons, Plaintiffs' motion will be denied.  An appropriate Order will issue.

/s/ Stanley R. Chesler_____
STANLEY R. CHESLER
United States District Judge

Date:  May 11, 2022

---

[2]   As of May 5, 2022, the arbitration was scheduled to begin on June 7, 2022.  (Dfts. Opp. at 1.)