NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FACTA HEALTH, INC., et al.,<br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>PHARMADENT, LLC, et al.<br>　　　　　　　　　　Defendants. | Civil Action No. 20-9631 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

　　This matter comes before the Court on a motion to enforce the judgment entered June 13, 2023 (ECF No. 62) (the "judgment") filed by Defendants. Plaintiffs oppose the motion and have filed a cross-motion to stay the judgment while they seek appellate review. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will permit Plaintiffs to obtain a stay upon posting a $3,000,000 supersedeas bond. If they do not, Plaintiffs are ordered to comply with the judgment within seven days.

　　This matter concerns a Patent Purchase Agreement ("PPA") between Defendant Pharmadent, LLC ("Pharmadent") and Plaintiff Facta Health, Inc. ("Facta"), through which Pharmadent sold to Facta patents associated with a topical anesthetic in exchange for $400,000 and a royalty payment plan. The PPA anticipated the parties would work together to obtain Food and Drug Administration ("FDA") and Department of Defense ("DOD") approvals, upon which the royalty payment plan provided that Facta would owe Pharmadent $3,000,000. However, the relationship between the parties soured, leading to litigation and arbitration.

Ultimately, a Panel of the American Arbitration Association rejected all of Facta's claims against the Pharmadent parties, while concluding Facta breached the PPA and the implied covenant of good faith and fair dealing. The Panel crafted a remedy where it rescinded the PPA, while allowing Pharmadent to keep Facta's initial $400,000 payment.

Defendants filed a motion in this Court to enforce the Arbitration Award, and Plaintiffs filed a motion to vacate the Award. The Court concluded that Plaintiffs did not have a basis under 9 U.S.C. § 10(a) to vacate the Award, and therefore granted Defendants' motion and denied Plaintiffs' motion. The Court entered a judgment against Facta, which among other things, ordered Facta to transfer the patents to Pharmadent and withdraw cease-and-desist letters it had sent to third-parties working with Pharmadent. (ECF No. 62).

Plaintiffs have filed an appeal, which is currently pending. They have not complied with the judgment. Now, Defendants move to enforce the judgment against Plaintiffs. Plaintiffs have filed a cross-motion to stay the judgment during the pendency of the appeal. Plaintiffs' requested stay is limited to "preventing the sale, encumbrance or other diminution of rights, including the grant of a license, pending appeal, together with the directive that any such potential purchaser, lienholder or licensee, etc. be informed about the pending appeal." (Pl. Br. at 6).

The Court has carefully reviewed the papers submitted by the parties. The Court agrees with Defendants that a $3,000,000 supersedeas bond is the minimum figure necessary to secure the interests of Defendants. That figure was available to Pharmadent as the advanced royalty upon obtaining FDA and DOD approvals, and accordingly, is a rough representation of the benefit of Pharmadent's bargain. Furthermore, a restraint on Pharmadent's ability to sell or transfer the patents is likely to substantially devalue them for Pharmadent. Smaller patentholders often depend

2

on selling or licensing patents to third parties because they usually lack manufacturing and other capabilities in-house. A sizable bond is therefore necessary because the parties are likely to wait months for an appellate decision, and the patents continue to lose value over that time.

Facta raises the concern that rescinding the PPA affects the rights of Robert Mangone despite the fact he was not a party to the arbitration. The Court agrees that the judgment is only enforceable against Facta, as only Facta was a party to the arbitration. However, Facta has not specifically identified any aspect of the PPA which affects the rights of Mr. Mangone, nor has the Court found such a provision in its review of the PPA. If there is an extraneous agreement concerning Mr. Mangone, it is not impacted by the judgment.

Otherwise, Facta is required to comply with the judgment. The 30-day automatic stay provided by Rule 62 has expired. Fed. R. Civ. P. 62(a). Besides vague references to Rule 62, Facta raises no other reason for it to not comply with the judgment. Accordingly, the Court is entering an order that Facta has seven days to either post a $3,000,000 supersedeas bond or comply with the judgment. If Facta fails to post a supersedeas bond or comply with the judgment in that time, the Court will hold Facta in contempt and it shall be sanctioned $1,000 per day until it complies with the judgment.

      s/ Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge

Dated: August 24, 2023